United States District Court
for the
Southern District of Florida

| | |
|---|---|
| James McCloud, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-21040-Civ-Scola |
| | ) |
| Florida International University and | ) |
| others, Defendants. | ) |

## **Order Denying Motion to Proceed *In Forma Pauperis* and Order Dismissing Complaint**

This matter is before the Court upon Plaintiff James McCloud's motion for leave to proceed *in forma pauperis*. (ECF No. 3.) Mr. McCloud, who is proceeding pro se, has not paid the required filing fee. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Rehnerger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (holding that 28 U.S.C. § 1915(e) applies to all IFP proceedings). Section 1915(e)(2)(B) permits a court to dismiss a suit "any time [] the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Courts have "the authority to dismiss a claim based on an indisputably meritless legal theory." *Id.* at 327.

For purposes of considering whether a complaint fails to state a claim under 1915(e)(2)(B)(ii), the standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals apply. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotation marks and citations omitted). The Court must take as true the pro se litigant's allegations. *Id.* at 99.

Mr. McCloud's filing indicates that he seeks to bring a lawsuit against Florida International University and certain employees of the university pursuant to 42 U.S.C. § 1983. Mr. McCloud seems to allege he is bringing suit against the Defendants because of their "unwarranted threatening[,] including [b]ullying[,] [o]ffensive [j]okes, verbal abuse" and "yelling[,] screaming and throwing [t]antrums in front of co-workers and other[s] [to] humiliate [him]." (ECF No. 1 at 7.) Mr. McCloud's filing also includes the notation "Feb. 2011 – Dec. 2013." (*Id.*)

"Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws by any person acting under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." *Gomez v. Toledo*, 446 U.S. 635, 638 (1980) (internal quotation marks and citations omitted). To state a cause of action under § 1983, the plaintiff must allege that the defendant deprived him of a federal right and that the defendant deprived him of that right under the color of state or territorial law. *Id.* at 640.

Mr. McCloud's complaint sets forth no arguable basis for a remedy under § 1983. His allegations, even viewed with a liberal eye, cannot rise to the level of a constitutional violation. "Despite the leniency accorded [to] *pro se* litigants, however, courts may not serve as *de facto* counsel or rewrite deficient pleadings in order to sustain an action." *Jones v. Robinson*, 665 F. App'x 776, 778 (11th Cir. 2016). Moreover, it appears that Mr. McCloud seeks to bring a civil rights claim, which would be barred by the statute of limitations if the events he complains about ended in December of 2013, since the statute of limitations to bring a constitutional or general civil rights claim in his case would be four years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Accordingly, Mr. McCloud's complaint fails to state a claim and presents a legally meritless theory under § 1983.

Based on these deficiencies, the Court concludes that Mr. McCloud's pleading cannot possibly be cured by amendment. *See Jones*, 665 F. App'x at 779. Accordingly, Mr. McCloud's complaint (**ECF No. 1**) is **dismissed with prejudice**, and his motion for leave to proceed *in forma pauperis* (**ECF No. 3**) is **denied as moot**. The Clerk of Court shall **close** this case.

**Done and ordered** at Miami, Florida, on April 2, 2018.

_____
Robert N. Scola, Jr.
United States District Judge